UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN SCHUSTER,<br>Plaintiff,<br>vs.<br>BRIAN SHERMER,<br>Defendant. | 4:26-CV-04125-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a *pro se* complaint, a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fee if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B), Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

**I. Jurisdiction.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff's type-written complaint fails to set forth the basis of federal jurisdiction. He set forth in the civil cover sheet that his claim arises under federal question jurisdiction and that the cause of action arises under a marital civil statute. He claims that the Fourteenth Amendment was violated "under the due process laws on the process for marriage" but he fails to set forth that the defendant was acting under color of state law. In fact, other than stating the defendant's name, plaintiff fails to identify the defendant's occupation or employer.

Plaintiff has failed to plead a basis for federal jurisdiction.

**II. Pleading.**

Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include a short and plain statement of the claim showing that he is entitled to relief. Plaintiff is required "to provide the 'grounds' of his 'entitlement to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing* Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65. A complaint that tenders "naked assertions devoid of further factual enhancement" does not suffice. Ashcroft v. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949, *quoting* Twombly, 550 U.S. at 557, 127 S.Ct. at 1966 (a naked assertion of conspiracy in a complaint stops short of an entitlement to relief without some further factual enhancement).

Plaintiff's complaint is factually frivolous. It is difficult to discern any federal claims plaintiff may have. Plaintiff claims "Shermer the state and the departments of corrections church and state of California and this state invaded our marriage with intrusions . . . they watch (sic) us in our bedroom till (sic) they because (sic) obviously violent . . . they used our names their read and write (sic) which only the marriage couple can give that right we didn't." Plaintiff's complaint continues with further nonsensical claims. He claims "they were stealing stealing (sic) brain matter and dark matter the rosswell (sic) file . . . all companies of one body of associate to defile and deface the temple of God by destroying a marriage of one and defiling the marriage bed."

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Section 1915's "instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the *in*

*forma pauperis* petition." *Id.* I find that plaintiff's complaint, even liberally construed, fails to state a claim upon which relief can be granted.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2 to proceed *in forma pauperis* without the payment of the filing fee, is granted.

2. Plaintiff's complaint is dismissed without prejudice for failure to allege a basis for federal court jurisdiction and failure to state a claim.

DATED this 18th day of August, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge